PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

SEWELL COAL COMPANY,

              *Petitioner,*

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS; WILLIAM
DEMPSEY,

              *Respondents.*

No. 06-1592

On Petition for Review of an Order
of the Benefits Review Board.
(05-0614-BLA)

Argued: January 29, 2008

Decided: April 22, 2008

Before WILLIAMS, Chief Judge, NIEMEYER, Circuit Judge,
and Liam O'GRADY, United States District Judge for the
Eastern District of Virginia, sitting by designation.

---

Vacated and remanded by published opinion. Judge O'Grady wrote
the opinion, in which Chief Judge Williams and Judge Niemeyer
joined.

---

## COUNSEL

**ARGUED:** Douglas Allan Smoot, JACKSON & KELLY, P.L.L.C.,
Charleston, West Virginia, for Petitioner. Raya Jarawan, WASHING-
TON AND LEE UNIVERSITY, Legal Clinic, School of Law, Lex-

ington, Virginia; Barry H. Joyner, UNITED STATES DEPARTMENT OF LABOR, Office of the Solicitor, Washington, D.C., for Respondents. **ON BRIEF:** Kathy L. Snyder, JACKSON & KELLY, P.L.L.C., Charleston, West Virginia, for Petitioner. Renae Reed Patrick, Mary Z. Natkin, Virginia H. Rogers, WASHINGTON AND LEE UNIVERSITY, Legal Clinic, School of Law, Lexington, Virginia, for Respondent William Dempsey. Jonathan L. Snare, Acting Solicitor of Labor, Patricia M. Nece, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT OF LABOR, Office of the Solicitor, Washington, D.C., for Respondent Director, Office of Workers' Compensation Programs.

---

**OPINION**

O'GRADY, District Judge:

William O. Dempsey filed his second claim for Benefits under the Black Lung Benefits Act (the BLBA), 30 U.S.C. §§ 901-945, on February 8, 2001. The district director awarded benefits under Dempsey's claim on May 29, 2002, and an Administrative Law Judge (ALJ) subsequently reviewed the claim, finding Dempsey totally disabled substantially due to pneumoconiosis. Having also found the claim timely after concluding that the statute of limitations did not apply to subsequent claims[1] for benefits, the ALJ issued a decision awarding benefits. The Benefits Review Board (the Board) vacated the ALJ's decision awarding benefits and remanded for further consideration on evidentiary issues. The ALJ again awarded benefits and the Board affirmed. Sewell Coal Company (Sewell Coal), the mine operator responsible for paying benefits, now petitions for review of the Board's Order. Because the ALJ failed to apply the three year statute of limitations to Dempsey's subsequent claim for benefits in making its timeliness determination, we vacate the Board's Order and remand to the ALJ for further proceedings.

---

[1]A claim filed after denial of a previous claim under the old regulations is referred to as a "duplicate claim" and under the amended regulations as a "subsequent claim".

I.

William Dempsey worked in the coal mine industry for approximately twenty-three years. He worked specifically for Sewell Coal for more than eleven years, most recently as a belt repairman. After leaving Sewell Coal, Dempsey worked for Dale and Tina Coal Company for approximately three months and for DC&M Coal Company for nearly five months, before retiring from the coal mine industry in 1989. Dempsey filed his first claim for benefits under the BLBA on April 27, 1989. That claim was denied on August 15, 1989, because the evidence did not then establish that Dempsey was totally disabled by pneumoconiosis. Dempsey filed his second claim, the subject of the instant action, on February 8, 2001.

The record contains numerous X-rays and CT scans from the years 1976 through 2002. All radiologists and readers have found that Dempsey has interstitial lung disease, although some differ in opinion as to the etiology of the disease. Upon review of the record, the district director awarded benefits and the ALJ affirmed, finding that Dempsey was totally disabled and that pneumoconiosis was a substantial contributing cause of his disability. The Board vacated and remanded this decision finding that the ALJ erred in ruling on discrete evidentiary issues. On remand, the ALJ addressed these evidentiary issues and again awarded benefits to Dempsey. On March 31, 2005, the Board upheld the ALJ's award of benefits to Dempsey for a final time.

Sewell Coal Company now petitions this Court for review arguing that the ALJ: erred in consideration of the timeliness issue by relying on invalid case law and failing to weigh the relevant evidence in violation of the Administrative Procedure Act; engaged in prohibited selective analysis of the evidence; erred in finding the existence of coal workers' pneumoconiosis; erred in finding a totally disabling pulmonary or respiratory impairment due to pneumoconiosis; erred in making rulings on evidentiary issues that are irrational, arbitrary, capricious, and contrary to applicable law; and finally erred in arbitrarily setting the onset dates as the month in which the claim was filed.

## II.

We consider first Sewell Coal's argument that the ALJ erred in finding that Dempsey's subsequent claim was timely under the statute of limitations. Section 725.308 provides that, "[a] claim for benefits shall be filed within three years after a medical determination of total disability due to pneumoconiosis, which has been communicated to the miner. . . ." 20 C.F.R. § 725.308(a). The ALJ considered Sewell Coal's argument that Dempsey's claim was untimely under the statute of limitations. However, relying on an earlier decision of the Board in *Andryka v. Rochester & Pittsburgh Coal Co.*, 14 B.L.R. 1-34 (1990), the ALJ found that the statute of limitations under § 725.308(a) does not apply to subsequent claims, and thus Dempsey's claim was timely. The Board affirmed this holding and no alternative holding was offered as to the timeliness of Dempsey's claim by either the Board or the ALJ.

When we review a claim for benefits under the BLBA, "[w]e undertake an independent review of the record, as in the place of the Board, to determine whether the ALJ's factual findings are based on substantial evidence in the record. We review questions of law *de novo*." *Toler v. Eastern Associated Coal Co.*, 43 F.3d 109, 114 (4th Cir. 1995)(citation omitted).

In this case, the ALJ found that the statute of limitations period in Section 725.308(a) does not apply to subsequent claims. However, we have held in an unpublished opinion that the statute of limitations applies to both initial and subsequent claims. *Westmoreland Coal v. Amick*, 123 App'x 525, 528 (4th Cir. 2004). As we discussed in *Westmoreland Coal v. Amick*, neither the statute, 30 U.S.C.A. § 932(f), nor the regulation makes any distinction between initial or subsequent claims. *Id*. Specifically, the statute and the regulation simply refer to "any" or "a" claim for benefits, respectively. *Id*. Thus, neither the statute nor the regulation on their face allow for an interpretation that makes a distinction between initial and subsequent claims. As such, we vacate the Decision and Order of the Board affirming the ALJ's award of benefits in regard to Dempsey's claim, and we remand to the ALJ for further proceedings on the issue of timeliness.[2] Because we

---

[2]Given that the ALJ and Board failed to offer an alternative holding as to timeliness, we make no finding as to whether Dempsey's subsequent

vacate the award of benefits and the finding of timeliness, we need not reach the evidentiary issues raised by Sewell Coal at this time.

## III.

In conclusion, we find that the three year statute of limitations under Section 725.308(a) applies to subsequent claims for benefits. As such, we vacate the Decision and Order of the Board affirming the award of benefits to Respondent William Dempsey, and remand to the ALJ for further proceedings on whether the claim was timely under the three year statute of limitations, as it applies to subsequent claims.

*VACATED AND REMANDED*

---

claim is timely filed under the statute of limitations, including whether or not the statute of limitations has been tolled. *See S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196 (1947)(concluding that "a reviewing court in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency").